FILED
CLERK
2/29/2016 2:54 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEFINA POLANCO,

                Plaintiff,

     - against-

ACTIVE RETIREMENT COMMUNITY, INC.
and PATTY O'HARA,

                Defendants.
------------------------------------------------------------X

**OPINION AND ORDER**
14-CV-4145 (SJF)(ARL)

FEUERSTEIN, District Judge:

      Pending before the Court are objections by plaintiff Josefina Polanco ("plaintiff") to so much of a Report and Recommendation ("the Report") of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated December 21, 2015, as (1) granted the branch of the motion of defendants Active Retirement Community, Inc. and Patty O'Hara (collectively, defendants) seeking to preclude a July 24, 2015 medical report from evidence pursuant to Rule 37 of the Federal Rules of Civil Procedure; and (2) recommends that defendants' motion seeking summary judgment dismissing plaintiff's claims in their entirety pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted. For the reasons set forth, *inter alia*, the Report is modified as set forth herein and, as modified, is accepted in its entirety.

I.     The Report

    A.    Preclusion

        1.     Standard of Review

28 U.S.C. § 636(b)(1)(A) permits a district judge to "designate a magistrate judge to hear

1

and determine any [nondispositive] pretrial matter," not otherwise expressly excluded therein. Any party may serve and file objections to a magistrate judge's order on a nondispositive pretrial matter within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(a). Upon consideration of any timely interposed objections and "reconsider[ation]" of the magistrate judge's order, 28 U.S.C. § 636(b)(1)(A), the district judge must modify or set aside any part of the order that "is clearly erroneous or contrary to law." Id.; see also Fed. R. Civ. P. 72(a). A party may not assign as error any defect in a magistrate judge's order to which he or she has not timely objected. Fed. R. Civ. P. 72(a).

        2.      Preclusion of Evidence

Plaintiff contends that Magistrate Judge Lindsay erred in (1) precluding the July 24, 2015 medical report "on the basis that [d]efendants would otherwise be prejudiced[,]" (Plaintiff's Objections to Magistrate Judge's Report and Recommendation ["Obj."] at 2); and (2) "[r]efusing to grant a continuance to [p]laintiff to correct certain procedural defects in the July 24, 2015 [medical report] to render it admissible and/or for further discovery relating to [p]laintiff's medical conditions[,]" (id. (citing Report at p. 23)).

"Matters concerning discovery generally are considered 'nondispositive' of the litigation." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). Thus, sanctions imposed by a magistrate judge pursuant to Rule 37 of the Federal Rules of Civil Procedure are "reviewable by the district court under the 'clearly erroneous or contrary to law' standard[,]" id., unless the sanction imposed disposes of a claim, i.e., striking a pleading with prejudice, dismissing an action or preventing a defense. See, e.g. DeCastro v. Kavadia, 309

2

F.R.D. 167, 169 (S.D.N.Y. 2015); Raimey v. Wright Nat'l Flood Ins. Co., 76 F. Supp. 3d 452, 468 (E.D.N.Y. 2014); Carmona v. Wright, 233 F.R.D. 270, 276 (N.D.N.Y. 2006). Accordingly, Judge Lindsay's determination to grant the branch of defendants' motion seeking to preclude the July 24, 2015 medical report is reviewed under the "clearly erroneous or contrary to law" standard applicable to nondispositive matters. See, e.g. Arnold v. Krause, Inc., 233 F.R.D. 126, 129 (W.D.N.Y. 2005).

Upon review, *inter alia*, of the Report, plaintiff's objections and defendants' response thereto, plaintiff has not demonstrated that Magistrate Judge Lindsay's determination to preclude the July 24, 2015 medical report was clearly erroneous or contrary to law. Accordingly, plaintiff's objections with respect to that determination are overruled.

B. Summary Judgment

1. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b); see Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002). Any portion of a report and recommendation on dispositive matters to which a specific, timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party

waives [judicial] review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.") To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the report. See Fed. R. Civ. P. 72(b); Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

Whether or not proper objections have been filed, the district judge may, after review, *inter alia*, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1, 2 (E.D.N.Y. 2013); North Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc., 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

B. Summary Judgment Standard

Initially, so much of the Report as cites to, *inter alia*, former Rule 56(c) of the Federal Rules of Civil Procedure in setting forth the standard of review on a motion for summary judgment is rejected. Presently, Rule 56(a) of the Federal Rules of Civil Procedure prescribes the standard of review on a motion for summary judgment that was previously expressed in former Rule 56(c).

Nonetheless, the standard of review on a motion for summary judgment remains the same. See Fed. R. Civ. P. 56(a), advisory committee's notes to 2010 amendment ("Subdivision (a) carries forward the summary-judgment [sic] standard expressed in former subdivision (c),

4

changing only one word– genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment [sic] determination.") Specifically, Rule 56(a) provides, in relevant part, that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Current Rule 56(c)(1) of the Federal Rules of Civil Procedure provides, in relevant part:

> "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations. . . admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1). Accordingly, Magistrate Judge Lindsay ultimately applied the correct standard in reviewing defendants' motion for summary judgment.

C. Objections

Plaintiff alleges, *inter alia*, that Magistrate Judge Lindsay failed to construe the facts in the light most favorable to her, as the non-moving party, and to accord her all reasonable inferences, and, thus, erred in (1) concluding (a) that plaintiff "had failed to establish that she was entitled to FMLA leave as the record was 'devoid of any evidence suggesting she had a "serious medical condition" that rendered her unable to perform her job[,][']" (Obj. at 1 (quoting Report at 26)), (b) that plaintiff cannot establish "that she was terminated under circumstances giving rise to an inference of discrimination[,]" (id. at 2 (quoting Report at 34)), (c) that plaintiff claimed no other adverse actions occurring under an inference of discrimination, and (d) that

"[t]he direct comment by Defendant O'Hara . . . was a 'stray comment' and 'too far removed from [p]laintiff's discharge to create an inference of discrimination[,]" (id. (quoting Report at 35)); (2) "[d]ismissing the additional evidence on the record establishing [p]laintiff's entitlement to FMLA-protected leave, including the undisputed fact that she had undergone breast reduction surgery and was still recuperating from that surgery when Defendants terminated her employment[,]" (id. at 1-2); and (3) "[d]etermining that there is 'no evidence in the record from which a reasonable factfinder could infer that Defendants' stated reason for firing [p]laintiff was a pretext for retaliation[,]'" (id. at 2) (quoting Report at 31).

       1.       FMLA Interference Claim

Plaintiff correctly contends that Magistrate Judge Lindsay erred in finding the August 15, 2011 unsworn medical note from Dr. Guerrero to be "inadmissible evidence that may not be considered in proving [her] health condition on summary judgment." (Report at 27). Although "unsworn letters from physicians generally are inadmissible hearsay that are an insufficient basis for opposing a motion for summary judgment[,]" Capobianco v. City of New York, 422 F.3d 47, 55 (2d Cir. 2005), where, as here, the document was also submitted and relied upon by the moving party in seeking summary judgment, (see Declaration of Patty O'Hara ["O'Hara Decl."] Ex. D), the moving party has waived any objection to the admissibility of that document.[1] See Capobianco, 422 F.3d at 55. Indeed, neither side objected to the admissibility of the August 15, 2011 note.

---

[1] To the contrary, defendants did not submit or rely upon the August 31, 2011 unsworn medical note by Dr. Guerrero in their motion for summary judgment. Thus, Magistrate Judge Lindsay correctly found the August 31, 2011 unsworn letter to be inadmissible hearsay.

Nonetheless, even considering the August 15, 2011 note, plaintiff still cannot establish that she was entitled to leave under the FMLA because the evidence is insufficient to establish that she had a "serious health condition" that rendered her unable to perform her job. See 29 U.S.C. § 2612(a)(1)(D), (b). The August 15, 2011 note, signed by "Dr. Roberto Guerrero Daniel, plastic surgeon," indicates only that plaintiff "was under a surgical procedure in [his] clinic PlastiCenter in Dominican Republic on August 03rd. She will be available to return to her normal activities on September 03rd. For any further information please contact me at the number [provided therein]." (O'Hara Decl., Ex. D). The only reasonable inference to be drawn from that note is that plaintiff underwent unspecified surgery by a plastic surgeon, i.e., plastic surgery, at a "clinic" in the Dominican Republic on August 3, 2011; nothing therein suggests in any way that the unidentified "surgical procedure" was medically necessary, or, in other words, anything but cosmetic.

Moreover, the record is bereft of any admissible evidence suggesting that plaintiff's breast reduction surgery and "tummy tuck" were anything but cosmetic. In this regard, Magistrate Judge Lindsay correctly found, *inter alia*, that plaintiff's testimony regarding what her various healthcare providers told her, offered to prove the truth of the matters asserted therein, constituted inadmissible hearsay, see Fed. R. Evid. 801, 802; Porter v. Quarantillo, 722 F.3d 94, 97 (2d Cir. 2013) ("Only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment" (quotations, brackets and citation omitted)), and that nothing in Dr. Bonheim's medical report linked the degenerative changes in plaintiff's spine "to her large breasts." (Report at 26).

The applicable regulation provides, in relevant part, that "[c]onditions for which

cosmetic treatments are administered (such as most treatments for acne *or plastic surgery*) are not serious health conditions unless inpatient hospital care is required or unless complications develop."[2] 29 C.F.R. § 825.113(d) (emphasis added). Since the record is devoid of any evidence from which it may reasonably be inferred that plaintiff required inpatient hospital care or developed any complications following her breast reduction surgery and "tummy tuck," plaintiff failed to establish that she suffered a "serious health condition" and, thus, that she was entitled to leave under the FMLA. Accordingly, the branch of defendants' motion seeking summary judgment dismissing plaintiff's FMLA interference claim pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's FMLA interference claim is dismissed in its entirety with prejudice.

2. FMLA Retaliation Claim

Initially, plaintiff's contention that Magistrate Judge Lindsay erred in determining that she did not establish that the termination of her employment occurred under circumstances giving rise to an inference of retaliatory intent misconstrues the Report. In fact, Magistrate Judge Lindsay assumed, for purposes of the motion, "that [p]laintiff made out a prima face case of FMLA retaliation," (Report at 30), and "that the temporal proximity between the August 15,

---

[2] Unlike subsection (a) which defines "serious health condition" for non-cosmetic treatments to mean, in relevant part, "an illness, injury, impairment or physical or mental condition that involves *inpatient care* as defined in § 825.114," 29 C.F.R. § 825.113(a) (emphasis added), subsection (d) of that regulation uses the phrase "inpatient *hospital* care." 29 C.F.R. § 825.113(d) (emphasis added). Thus, although for non-cosmetic treatments, "[i]npatient care means an overnight stay in a hospital, hospice, or residential medical care facility, including any period of incapacity as defined in § 825.113(b), or any subsequent treatment in connection with such inpatient care[,]" 29 C.F.R. § 825.114, that definition is seemingly not applicable to cosmetic procedures, which require, in relevant part, "inpatient hospital care."

2011 Medical Note and [p]laintiff's termination, which occurred just days later, was enough to raise an inference of retaliatory intent[,]" (Report at 31).

Magistrate Judge Lindsay correctly held (1) that defendants articulated a legitimate, non-retaliatory reason for the termination of plaintiff's employment, i.e., that her employment "was terminated because she failed to return to work after an approved vacation," (Report at 31), see, e.g. Polito v. Tri-Wire Eng'g Sol., Inc., 699 F. Supp. 2d 480, 494 (E.D.N.Y. 2010); Flores v. Buy Buy Baby, Inc., 118 F. Supp. 2d 425, 431 (S.D.N.Y. 2000); (2) that plaintiff did not satisfy her burden of showing that defendants' reason was pretextual since "the only evidence [she] proffers in support of her retaliation claim is the aforementioned temporal proximity[,]" (Report at 31) (emphasis omitted); see, e.g. Abrams v. Dep't of Public Safety, 764 F.3d 244, 254 (2d Cir. 2014) ("[T]emporal proximity alone is not enough to establish pretext in this Circuit."); El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010) ("The temporal proximity of events may give rise to an inference of retaliation for the purposes of establishing a prima facie case of retaliation. . . , but without more, such temporal proximity is insufficient to satisfy [the plaintiff's] burden to bring forward some evidence of pretext. . . . Indeed, a plaintiff must come forward with some evidence of pretext in order to raise a triable issue of fact." (citations omitted)); and (3) that "[t]here is no other evidence in the record from which a reasonable factfinder could infer that [d]efendants' stated reason for [p]laintiff's termination was pretextual or that [d]efendants terminated [p]laintiff for attempting to exercise her FMLA rights[,]" (Report at 31). Accordingly, upon *de novo* review of the Report, the operative pleadings, all motion papers, plaintiff's objections and defendants' response thereto, so much of the Report as recommends that the branch of defendants' motion seeking summary judgment dismissing

9

plaintiff's FMLA retaliation claim be granted is accepted in its entirety and, for the reasons set forth in the Report, the branch of defendants' motion seeking summary judgment dismissing plaintiff's FMLA retaliation claim pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's FMLA retaliation claim is dismissed in its entirety with prejudice.

3. Race Discrimination Claim

Plaintiff contends, *inter alia*, that Magistrate Judge Lindsay "erred in limiting the adverse actions merely to [her] discharge[,]" (Plf. Obj. at 17), since she also alleged that Hispanic employees, like herself, were given "disproportionately heavy workload[s] and poor assignments as compared to [their] white counterparts . . . ," (id.); and that O'Hara "belittled her and her Hispanic co-workers and mocked her accent and the way she spoke[,]" (id. at 18). Plaintiff also contends that Magistrate Judge Lindsay erred in discounting a purported racist comment made by O'Hara in 2010, more than one (1) year prior to plaintiff's termination, as a "stray comment . . . too far removed from [p]laintiff's discharge to create an inference of discrimination." (Report at 35).

Contrary to plaintiff's suggestion, Magistrate Judge Lindsay did not overlook the other alleged adverse actions. Rather, Magistrate Judge Lindsay correctly found that there was no evidentiary support in the record for plaintiff's contention that Hispanic employees were treated less favorably than Caucasian employees in terms of, *inter alia*, their workloads and leave requests, (see Report at 34-35); and that plaintiff's other "evidence," e.g., that O'Hara belittled and mocked her, "is insufficient to raise an inference of discrimination with regard to [p]laintiff's termination," (id. at 36), particularly since "the majority of workers under O'Hara's supervision

10

were Hispanic and O'Hara hired a Hispanic to replace [p]laintiff after she was terminated." (Id.) See, e.g. Fleming v. MaxMara USA, Inc., 644 F. Supp. 2d 247, 261 (E.D.N.Y. 2009), aff'd, 371 F. App'x 115 (2d Cir. Mar. 25, 2010) ("Where . . . a replacement of the same protected class was hired immediately following a plaintiff's termination and prior to the filing of a discrimination claim, it is . . . extremely difficult, if not practically impossible for a plaintiff to establish that her termination occurred under circumstances giving rise to an inference of discrimination." (quotations omitted)). Absent any evidence supporting an inference that plaintiff's termination occurred on account of her race, and in light of the fact that she was immediately replaced by a person of the same protected class, Magistrate Judge Lindsay correctly found that plaintiff has failed to establish a prima facie case of race discrimination. Accordingly, upon *de novo* review of the Report, the operative pleadings, all motion papers, plaintiff's objections and defendants' response thereto, so much of the Report as recommends that the branch of defendants' motion seeking summary judgment dismissing plaintiff's race discrimination be granted is accepted in its entirety and, for the reasons set forth in the Report, the branch of defendants' motion seeking summary judgment dismissing plaintiff's race discrimination claim pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's race discrimination claim is dismissed in its entirety with prejudice.[3]

---

[3] Plaintiff has not objected to so much of the Report as recommends that the branch of defendants' motion seeking summary judgment dismissing her disability discrimination claim be granted. There being no clear error apparent on the face of the Report with respect to that recommendation, that branch of the Report is accepted in its entirety and, for the reasons set forth in the Report, the branch of defendants' motion seeking summary judgment dismissing plaintiff's disability discrimination claim pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's disability discrimination claim is dismissed in its entirety with prejudice.

III.	Conclusion

For the reasons set forth herein, the Report is modified as set forth herein and, as modified, the Report is accepted in its entirety and, for the reasons set forth herein and in the Report, *inter alia*, defendants' motion seeking summary judgment dismissing plaintiff's claims in their entirety pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's claims are dismissed in their entirety with prejudice. The Clerk of the Court shall enter judgment in favor of defendants and close this case.


SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: February 29, 2016
       Central Islip, New York